# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | |
|---|---|
| **HECTOR LOPEZ,** *et al.*, | § |
| *Plaintiffs*, | § |
| v. | § Civil Action No. 2:19-cv-00111 |
| **LPE INC., GERARDO MONTALVO,** and **MARIO DOMINGUEZ JR.** | § |
| *Defendants*. | § |

## JOINT MOTION FOR APPROVAL OF
## SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE

Plaintiffs Hector Lopez, Victor Alvarez, and Ernest Valadez (collectively "Plaintiffs") and Defendants LPE Inc., Gerardo Montalvo, and Mario Dominguez, Jr. (collectively, the "Parties"), file this Joint Motion for Approval ("Motion") of Settlement Agreement ("Agreement") filed as Exhibit "1" to this Motion, asking that the Court: (1) approve the Parties' Agreement as expressed therein, filed as Exhibit 1; and (2) dismiss this Lawsuit with Prejudice in a public filing. The Parties respectfully state as follows in support of this Motion:

## I.
## FACTUAL BACKGROUND

On April 18, 2019, Plaintiffs filed suit against Defendants for the alleged failure to pay them and all others similarly situated overtime compensation for hours worked over 40 in a workweek, in violation of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 201–19. ECF No. 1. Plaintiffs allege that despite being non-exempt employees, they were not paid any overtime for hours worked over forty (40) in a single workweek. *See id.* Defendant answered this suit on May 13, 2019, denying all allegations and liability and asserting numerous affirmative defenses. *See* ECF No. 8.

The parties exchanged documents informally and Plaintiffs calculated their damages to aid in settlement negotiations. Although this lawsuit was initially plead as a collective action pursuant to Section 16(b), Plaintiffs did not move for conditional certification and have instead litigated, and settled, this matter in their individual capacities.

After participating in a formal mediation with experienced FLSA mediator, Tony Pletcher, the Parties reached an agreement to resolve this litigation, and on July 31, 2019, the Parties filed a Notice of Settlement with this Court. *See* ECF No. 16. The settlement agreement will provide significant monetary compensation to Plaintiffs and eliminate the risks and expenses both sides would bear should this litigation continue. The Parties believe the settlement, which is memorialized in the Settlement Agreement filed as Exhibit 1 to this Motion, is fair and reasonable and should be approved. Therefore, the Parties respectfully request that the Court sign the Proposed Order Approving the Settlement Agreement and Dismissing this Case with Prejudice.

## II.
## THE SETTLEMENT IS A FAIR AND REASONABLE RESOLUTION OF A BONA FIDE DISPUTE

**A.   A Bona Fide Dispute Exists Between the Parties.**

Plaintiffs alleged that Defendants violated the FLSA because Defendants failed to pay them the overtime compensation due pursuant to the FLSA. While Plaintiffs are confident they would have prevailed on the merits of their liability claim, success was not a certainty and a legitimate dispute existed on the amount of damages, if any, and even if awarded—Plaintiffs' ability to collect them. Defendants at all times denied liability, asserted multiple defenses to Plaintiffs' claims, and challenged the alleged hours worked. Defendants also hotly contested that joint employer liability was appropriate.

**B. The Settlement Agreement in this Case is Fair and Reasonable.**

The Court presiding over an FLSA action may approve a proposed settlement of the action under Section 216(b) after scrutinizing the settlement for fairness. *See Dyson v. Stuart Petro. Testers, Inc.*, No. 1:15-cv-282, 2016 WL 815355, at *2 (W.D. Tex. Feb. 29, 2016) ("[T]he Court primarily focuses on ensuring that an employer does not take advantage of its employees in settling their claim for wages."). Although the class action provision of Federal Rule of Civil Procedure 23 does not apply to collective actions brought pursuant to the FLSA, Rule 23 is similar in that it requires court approval to finalize a class action settlement. *See id.* Therefore, the Rule 23(e) fair and reasonable settlement standard encompasses a fair and reasonable standard under the FLSA. *Id.*

In the Fifth Circuit, district courts are instructed to consider six factors when evaluating he proposed settlement agreement for class actions:

> (1) Whether the settlement was a product of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the state of the proceedings and the amount of discovery completed; (4) the factual and legal obstacles [to] prevailing on the merits; (5) the possible range of recovery and the certainty of damages; and (6) the respective opinions of the participants, including class counsel, class representative, and the absent class members.

*Id.* (quoting *Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982)). "Significant weight is given to the opinion of class counsel concerning whether the settlement is in the best interests of the class and the court is not to substitute its own judgement for that of counsel." *Marcus v. J.C. Penny Co., Inc.*, No. 6:13-cv-736, 2017 WL 6590976, at *3 (E.D. Tex. Dec. 18, 2017) (citing *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977)).

Here, the six-factor standard supports approval of the settlement agreement. Plaintiffs' counsel has extensive experience litigating FLSA claims and there is no fraud or collusion. Wage and hour cases are expensive and time-consuming, and therefore the expense and likely duration of continued litigation favor approval. The parties engaged in legal research, document review, and data analysis and performed due diligence before beginning to negotiate a settlement in good faith. The

issues pertinent to Plaintiffs' claims and Defendants' defenses were well understood and the Parties recognized that the outcome of litigating the case would be uncertain while the risks of continued litigation would be high. Finally, counsel on both sides support the settlement, as do Plaintiffs themselves.

1. *The Absence of Fraud or Collusion in the Settlement Favors Approval*

An initial presumption exists that a settlement is fair where counsel for the parties negotiate the settlement at arm's length. *Murillo v. Texas A&M Univ. Sys.*, 921 F. Supp. 443, 445 (S.D. Tex. 1996). Settlement of this litigation was achieved through a formal mediation with skilled FLSA mediator, Tony Pletcher, and involved multiple offers and counter offers before the Parties agreed on the settlement terms. The Parties took appropriate steps in negotiating the comprehensive Settlement Agreement, which includes payment to Plaintiffs and payment for Plaintiffs' attorneys' fees and expenses. There is no indicia of fraud or collusion.

2. *The Complexity, Expense, and Likely Duration of this Case, Were it Not to Settle, Favor Settlement*

The complexity, expense, and duration of this case (were it not to settle at this time) are significant factors that all favor settlement. If the Parties had not been able to resolve the claims at issue through compromise, this litigation would likely continue because the Parties continue to disagree regarding the merits of Plaintiffs' claims, the identity of appropriate employers, and the amount of damages. The Parties would have litigated these claims through trial and appeal. Thus, the Parties will incur substantial additional legal fees and expenses if this case is not settled. Given the complexities of the claims at issue and the expense and extended duration of continuing litigation, settlement is in the interests of Plaintiffs, Defendants, and judicial economy.

3. *The Discovery Taken by the Parties Favors Approval of the Settlement*

The Parties engaged in an informal document production wherein Defendants provided the relevant pay records to Plaintiffs' counsel for the purpose of settlement negotiations. The Parties

undertook independent factual investigation of Plaintiffs' claims and analyzed the legal issues at hand. Accordingly, the relevant documents favor approval of the settlement because they high-light the payment (and alleged non-payment) of overtime compensation.

    4.    *The Uncertainty of this Litigation Favors Settlement*

Plaintiffs and Defendants are well aware of the uncertainty associated with litigation. While Plaintiffs are confident in their claims, they also understand that the claims in this case may prove to be unsuccessful, and that collection of any future judgment or award may itself prove problematic. Accordingly, Plaintiffs strongly prefer the certainty of the proposed settlement, payable shortly after court approval according to the settlement documents, to the risks and costs associated with continued litigation. Likewise, Defendants understand the risk of litigating the claims at issue and prefer the certainty of the proposed settlement to the risks and costs associated with continued litigation.

    5.    *The Available Range of Recovery and the Uncertainty of Damages Favor Settlement*

Plaintiffs' counsel and Defendants' counsel both created detailed damage models that they used to meaningfully participate in the negotiation process. According to the damage models created by the Parties' representatives in this matter, each Plaintiff is receiving 100% of his unpaid back wages, at a three-year window.[1] Should Plaintiffs prevail on all of their claims, and Defendants lose on each of their affirmative defenses, at best, the only relief not included in the settlement agreement would be the award of liquidated damages—that is, damages Defendants adamantly deny are appropriate. Moreover, because the Settlement Agreement provides for a full recovery of Plaintiffs' third-year of damages, Plaintiffs are recovering monies for which they would have significant difficulty proving at trial. Accordingly, the settlement amounts are well within the available range of recovery, provide for 100% of Plaintiffs' back-wages, and allow for a three-year window of recovery.

---

[1] After reviewing the payroll documents, Plaintiffs' counsel discovered that Plaintiff Victor Alvarez was properly paid his overtime. The settlement amount allocated to Plaintiff Alvarez constitutes an inducement to settle his claims and obtain a release without further motion practice.

5

The risk that Defendants would prevail on their defenses favors settlement. On the other hand, settlement is equally in Defendants' best interest because the costs of proceeding through trial on the merits are excessive considering the amount of damages at issue. Further, should Plaintiffs prevail on their claims, Defendants would be liable not only for their own costs through trial, but also for the fees and costs of Plaintiffs' counsel. Accordingly, the Parties agree that this settlement is in their best interest.

      6.      *The Opinions of All Parties and Counsel Favor Settlement*

The lawyers of Anderson Alexander, PLLC have collectively litigated more than 300 individual, collective, and class action wage and hour cases of all types and have recovered millions of dollars in these cases on behalf of workers across the United States. Based on this experience, Plaintiffs' attorneys can confidently report to the Court that this prong is met. After intense settlement negotiations, an arms-length settlement was reached that, in the view of Plaintiffs' counsel, affords the Plaintiffs with significant and meaningful financial benefits and provides a certainty for payment. Importantly, there are no absent class members to take into consideration in analyzing this factor. Each Plaintiff has signed the Settlement Agreement and affirmatively asks this Court to approve it.

Further, Defendants, upon the advice of their counsel, agree that this settlement is in their best interest and seek approval of the Settlement Agreement.

## III.
## APPROVAL OF ATTORNEYS' FEES & COSTS

**A.    Plaintiffs' Counsel's Fees Are Fair, Reasonable, and a Negotiated Part of the Comprehensive Settlement Agreement.**

The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b); *Prater v. Commerce Equities Mgmt. Co., Inc.*, Civ. A. No. H-07-2349, 2008 WL 5140045, at *2 (S.D. Tex. Dec. 8, 2008). The FLSA has a fee-shifting provision that specifies that the prevailing

6

party shall recover reasonable attorneys' fees and litigation costs. 29 U.S.C. § 216(b). Indeed, an award of attorneys' fees under the FLSA is mandatory, with the amount of fees within the discretion of the court. *See Prater*, 2008 WL 5140045, at *2 (citing *Kreager v. Solomon & Flanagan P.A.*, 775 F.2d 14 (11th Cir. 1985)). As part of its fairness determination, the Court must determine that the proposed attorneys' fees are reasonable. *See Strong v. Bellsouth Telecomms.*, 137 F.3d 844, 849–50 (5th Cir. 1998). Congress has determined that it is important for FLSA rights to be enforced and that reasonable attorneys' fees must be award to provide for such enforcement, particularly where the victims of FLSA violations are often low-wage workers whose per-person damages may not be significant and who are relatively unable to pay an hourly fee.

The Fifth Circuit utilizes the "lodestar method" to "access attorneys' fees" in FLSA suits. *Id.* at 850. To calculate the loadstar, this Court must first determine the reasonable number of hours expended on the litigation and the reasonable hourly rate for the participating attorneys. *Id.* The lodestar is then computed by multiplying the number of hours reasonably expended by the reasonable hourly rate.

  1. *Lodestar Calculation: Reasonable Hourly Rate*

The first step in computing the lodestar is determining the reasonable hourly rate. To do this, courts look to the prevailing market rate for similar services by similarly trained and experienced lawyers in the relevant legal community. *See Tollett v. City of Kemah,* 285 F.3d 357, 368 (5th Cir. 2002). To establish the reasonable hourly rate, Plaintiffs' counsel rely on their own declarations and rates actually billed (and paid) in similar lawsuits within the Southern District of Texas. *See Watkins v. Input/Output, Inc.*, 531 F. Supp. 2d 777, 784 (S.D. Tex. 2007); *see also* Declaration of Clif Alexander, hereby attached as Exhibit 2.

  a) <u>Plaintiffs' Attorneys' Biographic Information</u>

Clif Alexander took the lead role in this litigation. Mr. Alexander is a co-founding partner of

7

Anderson Alexander, PLLC and focuses his practice on representing wage and hour clients throughout the United States. To date, Mr. Alexander has been lead counsel in more than 250 individual, collective, and class action wage and hour cases across the United States. Mr. Alexander has dedicated his career to handling complex class, collective, and mass action litigation on behalf of Plaintiffs in many types of cases and has worked predominately in the labor and employment context since 2011. Mr. Alexander is a zealous advocate for his clients and a dedicated lawyer. Mr. Alexander is a 2008 graduate of South Texas College of Law—Houston. Mr. Alexander further represents his clients' interest through leadership positions in state and local organizations, in addition to membership in national and practice specific organizations. Since 2015, for example, Mr. Alexander has served on the Texas Trial Lawyers Association's Board of Advocates/New Lawyers Division, and was the President of the Corpus Christi Young Lawyers Association from 2015 until 2016. Mr. Alexander has been recognized by his peers for his exemplary performance and has been named a "Rising Star" in the Texas Monthly magazine for the preceding five years. Mr. Alexander's hourly rate is $500.00.

Lauren Braddy, a senior attorney with Anderson Alexander, PLLC, also worked on this case. Ms. Braddy began working with Anderson Alexander, PLLC in 2015, and since that time has practiced almost exclusively wage and hour litigation from the inception of the initial client contact through appeal, when necessary. During that time, she has been counsel in over 100 individual, collective, and class action wage and hour cases across the United States—representing thousands of workers. Ms. Braddy works diligently to ensure that that her clients receive the compensation legally owed to them and to effectively communicate with the clients through all phases of the litigation. Ms. Braddy graduated from Baylor Law School in 2010 with honors. In addition to a robust litigation docket, Ms. Braddy further represents her clients' interests through leadership positions in local organizations, in addition to membership in state and national advocacy organizations. Ms. Braddy was a long-time

executive board member for the Corpus Christi Young Lawyers Association and served on the board of directors for six years from 2010 through 2017. Ms. Braddy additionally serves as an active board member for the Coastal Bend Women Lawyers' Association ("CBWLA") and has long been a member of the CBWLA's board of directors. Ms. Braddy has also been recognized by her peers for her legal expertise and has been named a "Rising Star" in Texas Monthly Magazine on five separate occasions. Ms. Braddy's hourly rate is $400.00.

Carter Hastings, an attorney with Anderson Alexander, PLLC, also worked on this case. Mr. Hastings began working with Anderson Alexander, PLLC in 2017, and since that time has practiced almost exclusively in wage and hour litigation. Mr. Hastings has diligently represented workers in class, collective action, and individual lawsuits across the United States. Mr. Hastings graduated from Southern Methodist University Dedman School of Law in 2016, and since returning to Corpus Christi, Texas, has become an active member in the local bar association, and is currently serving his second-year term as a director of the Corpus Christi Young Lawyers' Association. Mr. Hastings' hourly rate is $350.00.

b) <u>Evidence of Reasonable Rate</u>

In this legal community, the market rates for complex litigation—like collective actions filed pursuant to 29 U.S.C. § 216(b) and other complex employment law actions—support an hourly rate of upwards of $500.00 for partners and senior attorneys, and close to $400.00 for associate attorneys. *See Johnson v. SW Research Inst.*, No. 5:15-cv-297-RCL, ECF Nos. 152 and 176 (W.D. Tex.) (attached as Exhibits 3 and 4, respectively)[2] (approving an hourly rate of $585.00 for the attorney in charge and a senior attorney, and $395 for junior associates) *Martinez v. Refinery Terminal Fire Co.*, No. 2:11-cv-00295, 2016 WL 4594945 (S.D. Tex. Sept. 2, 2016) (Ramos, J.) (approving $400.00 for partners and $300 for

---

[2] Exhibit 3 (ECF No. 152) is the Plaintiff's Motion for an Award of Reasonable Fees and Costs and Exhibit 4 (ECF No. 176) is the Order approving Plaintiff's counsel's requested rates.

9

associates in an FLSA collective action in 2016); *Rosas v. Dark Star Prod. Testing, Inc.*, No. 2:26-cv-00140, ECF No. 28 (S.D. Tex. Apr. 11, 2018) (Tagle, J.) (approving the $400.00 hourly rate for partners and a $300.00 hourly rate for associates requested in ECF No. 27), attached at Exhibit 5;[3] *see also Rater v. Rix Energy Services*, No. 2:16-cv-705, ECF No. 57 (S.D. Oh. Nov. 28, 2017), attached at Exhibit 7; *Lyles v. Falcon Flowback Srvs.*, No. CIV-15-1198-R, ECF No. 43 (W.D. Okla. Feb. 7, 2018) (Order Approving FLSA Settlement Agreement) attached at Exhibit 8.[4] Further these rates are consistent with the rates alleged by other practitioners in the Corpus Christi Division of the Southern District of Texas. *See Edwards v. FJLJ, LLC*, No. 2:15-cv-00299, ECF No. 70-10 (S.D. Tex. June 30, 2016) (affidavit of a junior associate, practicing law for two (2) years, regarding her reasonable hourly rate of $300.00) attached at Exhibit 10.[5]

Accordingly, Plaintiffs' counsel's respective hourly rates are reasonable considering the skill and expertise of the attorneys involved, and are additionally supported by awards from multiple courts throughout the United States, and most importantly, by courts in Corpus Christi, Texas.

2. *Lodestar Calculation: Reasonable Number of Hours Expended*

Plaintiffs' counsel has reasonably expended over 60 hours in the investigation and prosecution of Plaintiffs' claims against Defendants. *See* Ex. 2. This equates to over $24,245.00 in attorneys' fees. The breakdown per attorney is as follows:[6]

---

[3] The *Rosas* Motion to Approve the Settlement Agreement and Motion to Approve an Award of Attorneys' Fees and Expenses and Dismiss with Prejudice setting out the requested attorneys' fees is hereby attached at Exhibit 6.

[4] *See also Lyles v. Falcon Flowback Srvs.* No. CIV-15-1198-R, ECF No. 42 (W.D. Okla. Feb. 7, 2018) (Joint Supplement to Joint Motion to Approve FLSA Settlement wherein Mr. Alexander's hourly rate was identified as $400.00), hereby attached as Exhibit 9.

[5] This rate, adjusted for inflation from 2016 to the end of 2018 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics equates to $323.47. *See* https://www.officialdata.org/Legal- services/price-inflation

[6] The hours indicated in the chart are supported by descriptive summary of work performed and are detailed in Clif Alexander's declaration. *See* Exhibit 2.

| ATTORNEY/STAFF | HOURS | RATE | TOTAL |
|---|---|---|---|
| Clif Alexander | 20.6 | $500.00 | $10,300.00 |
| Lauren Braddy | 6.3 | $400.00 | $2,520.00 |
| Carter Hastings | 31.5 | $350.00 | $11,025.00 |
| Frances Lopez | 3.2 | $125.00 | $400.00 |
| Kara McHorse | 8 | $0 | $0 |
| Morrigan Land | 8 | $0 | $0 |
| | | **FEE TOTAL:** | **$24,245.00** |

This case has been on file since April of 2019, and Plaintiffs' counsel have spent significant time litigating this matter. This time includes the time expended in speaking with Plaintiffs; evaluating their claims against Defendants; drafting Plaintiffs' Original Complaint, perfecting service on Defendants, participating in the Rule 26(f) conference, engaging in motion practice for the purpose of allowing time for early resolution, creating a damage model for each Plaintiff; preparing (and revising) a detailed mediation statement in preparation for mediation; attending a full-day mediation with skilled FLSA mediator, Tony Pletcher, and negotiating the terms of a settlement agreement between the Parties; drafting a final settlement agreement between the Parties; and preparing the appropriate settlement documents. These activities are detailed in the descriptive time summary included in Clif Alexander's declaration. *See* Exhibit 2.

Upon reaching a comprehensive compromise, fully encompassing all claims, defenses, and expenses for all parties, Plaintiffs' counsel, with input from Defendants' counsel, prepared a Settlement Agreement that was agreed to by each Plaintiff and all Defendants. The time expended by

Plaintiffs' counsel was in the furtherance of tasks that were both reasonable and necessary for the prosecution of Plaintiffs' claims. Plaintiffs have not included time spent researching and drafting motions that were not filed with the Court or that were not successful before the Court, and have executed billing judgment by reducing or wholly writing off portions of billable time. Nor have Plaintiffs' counsel included time on matters not pertinent to the merits of this lawsuit. *See id.*

        3.      *The Lodestar Amount is Reasonable*

This Court should approve the requested hourly rates because they are reasonable, have been approved by courts in other jurisdictions, and are in line with the hourly rates charged by employment attorneys not only in the Southern District of Texas but throughout the State of Texas. Further, the hours expended by Plaintiffs' counsel and legal staff throughout the time this case has been pending are all reasonable, necessary, and were a part of Plaintiffs' eventual success on the merits. Therefore, Plaintiffs contend that the lodestar amount of $24,245.00 is fair and reasonable.

**B.    Litigation Costs Were Reasonable and Necessary**

In addition to the reasonably and necessary attorneys' fees, addressed above, Plaintiffs' counsel has incurred additional expense in the extended litigation of this matter. To date, the expenses in this case total $1,614.70 The $1,614.70 amount includes filing and service fees, mediation fees, and postage fees. These costs are detailed in the Declaration of Clif Alexander. *See* Exhibit 2.

Importantly, these costs are *included* in the net $20,000.00 amount negotiated in the settlement agreement between the parties. After deducting the necessary expenditures out of the award, the amount that Plaintiffs' counsel will receive in fee is $18,385.30, an amount that accounts for less than the applicable lode star amount that Plaintiffs would have been entitled to had they prevailed before a jury—in addition of course to the fees and costs that would have been incurred through trial on the merits.

Although Plaintiffs' counsel would be entitled to an attorneys' fee award of $24,245.00 based on the lodestar, as calculated above, in addition to $1,614.70 in reasonably and necessarily incurred expenses, Plaintiffs' counsel has agreed to a reduced fee award that is significantly below the applicable lodestar. That is, instead of seeking the full $25,859.70 (attorneys' fees and costs), Plaintiffs' counsel have agreed to a total fee award of $20,000.00, inclusive of costs and expenses, to facilitate a final resolution of this matter. As Plaintiffs are receiving only $18,385.30 in fee, it equates to an hourly rate of approximately than $300.00 across the board.

**C.     No Upward (or Downward) Departure Is Warranted**

After calculating the lodestar, the Court must consider whether to adjust the fee upward or downward. *Prater*, 2008 WL 5140045, at *3. There is a strong presumption of the reasonableness of the lodestar amount. *Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 800 (5th Cir. 2006). This is because "the lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable' attorney's fee." *Penn. v. Del. Valley Citizens' Counsel*, 478 U.S. 546, 565–66 (1986). However, after calculating the lodestar, the court may adjust the lodestar amount upward or downward based upon its analysis of twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). *Id.* The twelve factors enumerated in *Johnson* are as follows: (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) The *amount involved and the results obtained;* (9) the *experience, reputation, and ability of the attorney*; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson,* 488 F.2d at 717–19 (emphasis added).

### a. Time and Labor Required

Prosecuting this matter to a successful settlement for the benefit of the Plaintiffs required Plaintiffs' Counsel to expend a significant amount of time by the attorneys, including substantial legal and factual research and participating in formal mediation. Plaintiff's Counsel's hours are addressed more fully above. Litigating FLSA collective actions involve fact intensive-issues that require a large time investment, in addition to skill and experience. *See Grove v. ZW Tech, Inc.*, No. 11-2445-KHV, 2012 WL 4867226, at *5 (D. Kan. Oct. 15, 2012) (recognizing that FLSA collective actions require an extensive time commitment, skill, and expertise by experienced plaintiffs' counsel). The time and labor expended support the requested fee.

### b. Novelty and Difficulty of Question Presented by the Case

Representing Plaintiffs in a lawsuit under the FLSA involves a specialized area of the law and requires counsel with the requisite experience. Defendants asserted multiple affirmative defenses to Plaintiffs' claims, including but not limited to Defendants' argument that Plaintiffs were correctly paid, were not owed any unpaid wages, and were not able to recover under a three-year window of recovery.

### c. Skill Required and Ability of Plaintiff's Counsel

Plaintiffs' counsel addressed the requisite skills and abilities of the undersigned counsel when addressing the reasonability of the requested rates. *See also* Exhibit 2. Plaintiff's Counsel thereby had the requisite reputation, skill, and specialized experience to perform the legal services required in this complex litigation.

### d. The Undesirability of the Case and the Preclusion of Other Employment by the Attorneys due to Acceptance of the Case

Addressing the fourth and tenth factors, Plaintiffs' Counsel undertook significant risk in agreeing to represent Plaintiffs in this case. Wage and hour cases are complicated and time-consuming matters. Any attorney undertaking these types of cases must be prepared to make tremendous investments of time, energy, and financial resources in order to appropriately pursue them. *See In re*

*Qwest Communications Intern., Inc. Securities Litigation*, 625 F.Supp.2d 1143, 1152–53 (D. Colo. 2009). Plaintiff's Counsel is limited by time and cannot pursue every wage and hour claim and must necessarily choose which clients they will be able to represent, considering the time and expense inherent in every case.

      **e.    Customary Fee Awards in Similar Cases and Plaintiff's Contingency Fee Agreement.**

Addressing factors five and twelve, the separately-negotiated, agreed contingency fee in the Professional Services Agreement between Plaintiffs and Counsel provides for a contingency fee of 40% of the gross settlement amount. Counsel, working on contingency, had 100% of the risk of loss, advanced considerable costs, which if not recovered, would be lost as well as unrecoverable time spent working on this matter. *See Johnson*, 488 F.2d at 717–20. As set forth above, a contingency of 40% is in line with Fifth Circuit precedent and is significantly lower than the lode star in this matter. *See, e.g., Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001); *Legros v. Mud Control Equip., Co.*, No. CV 15-1082, 2017 WL 925730, at *3 (W.D. La. Mar. 6, 2017) (awarding 40% contingent fee in FLSA collective action); *Heffernan Bryant v. United Furniture Indus., Inc.*, No. 1:13CV246-SA-DAS, 2017 WL 639320, at *5 (N.D. Miss. Feb. 16, 2017) (same); *Wolfe v. Anchor Drilling Fluids USA, Inc.*, Case No. 4:15-cv-1344 (S.D. Tex. Dec. 7, 2015) (Hoyt, J.) (40%).

      **f.    Amount Involved and Results Obtained**

Here, the Gross Settlement Amount represents a significant recovery on behalf of Plaintiffs—despite Defendants' strong arguments on the issue of liability, Plaintiffs will recover 100% of their unpaid back wages.

In sum, the Gross Settlement Amount represents an excellent result given the circumstances of the case, and thus, the "amount involved and results obtained" factor supports the proposed fee award.

### g. Any Time Limitations Imposed by the Client or the Circumstances

The FLSA provides a maximum three-year statute of limitations on claims. *See* 29 U.S.C. § 255(a). The statute of limitations for the FLSA claims of potential opt-in plaintiffs is not tolled by the filing of Plaintiffs' complaint, but rather by the opt-in plaintiff filing his/her written consent with the court. *See id.* Here, Plaintiffs did not pursue conditional certification, so time limitations do not support the upward, or downward, departure from the lodestar amount.

### h. The Undesirability of the Case and the Preclusion of Other Employment by the Attorneys due to Acceptance of the Case

Addressing factors four and seven, Plaintiffs' Counsel undertook significant risk in agreeing to represent Plaintiffs in this case. Wage and hour cases are complicated and time-consuming matters. Any attorney undertaking these types of cases must be prepared to make tremendous investments of time, energy, and financial resources in order to appropriately pursue them. *See In re Qwest Communications Intern., Inc. Securities Litigation*, 625 F. Supp. 2d at 1152–53. Plaintiffs' Counsel is limited by time and cannot pursue every wage and hour claim and must necessarily choose which clients they will be able to represent, considering the time and expense inherent in every case.

### III.
### PRAYER

WHEREFORE, the Parties respectfully request that the Court review the Agreement attached as Exhibit 1; approve the Agreement as a fair and reasonable compromise and dismiss the Lawsuit with Prejudice as to Plaintiffs and Defendants.

Date: November 8, 2019                    Respectfully submitted,

                                               **ANDERSON ALEXANDER, PLLC**

By:    /s/ *Clif Alexander*
        **Clif Alexander**
        Federal I.D. No. 1138436
        Texas Bar No. 24064805
        clif@a2xlaw.com
        **Austin W. Anderson**
        Federal I.D. No. 777114
        Texas Bar No. 24045189
        austin@a2xlaw.com
        **Lauren E. Braddy**
        Federal I.D. No. 1122168
        Texas Bar No. 24071993
        lauren@a2xlaw.com
        **Alan Clifton Gordon**
        Federal I.D. No. 19259
        Texas Bar No. 00793838
        cgordon@a2xlaw.com
        **Carter T. Hastings**
        Federal I.D. No. 3101064
        Texas Bar No. 24101879
        carter@a2xlaw.com
        819 N. Upper Broadway
        Corpus Christi, Texas 78401
        Telephone: (361) 452-1279
        Facsimile: (361) 452-1284

        ***Attorneys for Plaintiffs***

        **PERSON, WHITWORTH, BORCHERS & MORALES, LLP**

By:    /s/ *Carlos Flores*
        **Carlos Flores**
        Federal I.D. No. 940935
        Texas Bar No. 24050606
        602 E. Carlton Road, 2nd Floor
        Laredo, Texas 78042-6668
        (956) 727-4441
        (956) 727-2696 - Facsimile
        E-mail: Cflores@personwhitworth.com

        ***Attorney in Charge for Defendants***

**CERTIFICATE OF SERVICE**

I hereby certify that on November 8, 2019, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ *Clif Alexander*
Clif Alexander
